IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**PAULA J. FIELDS,**

    **Plaintiff,**

v.                                              Civil Action No. 2:06-0492

**CHARLESTON HOSPITAL, INC., d/b/a
ST. FRANCIS HOSPITAL, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court are plaintiff's two motions to remand, and plaintiff's motion to stay (Doc. Nos. 6, 9 & 13). Having reviewed the record and applicable case law, for the reasons outlined below, plaintiff's first motion to remand (Doc. No. 6) is **DENIED.** Plaintiff's second motion to remand (Doc. No. 9) is **GRANTED.** Plaintiff's motion to stay (Doc. No. 13) is **DENIED AS MOOT.** The Clerk is **DIRECTED** to send the record of this case, along with a certified copy of this Memorandum Opinion and Order, to the Circuit Clerk of Kanawha County.

### A.  Factual and Procedural Background

The Complaint alleges that on May 26, 2004, plaintiff Paula J. Fields was a patient at St. Francis Hospital. (Compl. ¶ 4.) Plaintiff alleges that during that hospital stay, defendant Joy Robin Alderman, a nurse, obtained information relating to plaintiff's identification. (Id.)

On April 12, 2005, a pit bull owned by Alderman attacked a postal carrier who was then making his appointed rounds. (See Doc. No. 8 Ex. A). When the postal worker attempted to defend himself, Alderman rushed to the aid of her canine and beat the postal worker in the head. (Id.)

When the police came to investigate, Alderman identified herself as being plaintiff. This resulted in the police securing an arrest warrant for plaintiff and not Alderman. (Compl. ¶ 8.) On April 28, 2005, plaintiff was arrested pursuant to that warrant, and released only upon posting a $200.00 bond. (Id. ¶ 9.) A week later, after the police discovered Alderman's ruse, the criminal complaint against plaintiff was dismissed and the bond money was refunded.

Alderman was soon arrested and charged with battery arising out of the April 12, 2005, incident, as well as for the use of false identification which resulted in plaintiff's arrest. Additionally, during the course of the arrest, police discovered that Alderman had been operating a clandestine methamphetamine laboratory. (See Doc. No. 8 Ex. F.)

On March 5, 2006, police arrested Alderman on all of the outstanding warrants and incarcerated her in the North Central Regional Jail. (See id.) Alderman was only released from custody as of June 2, 2006, having pleaded guilty and been sentenced to time served. (See id. Ex. I.) Alderman was

incarcerated from March 7, 2006 until June 2, 2006. (See id. Ex. H.)

On May 24, 2006, plaintiff sued St. Francis Hospital and Alderman. Plaintiff alleged that the hospital had a duty to protect her from Alderman because of Alderman's "intemperate life-style." (Compl. ¶ 5.) Fields claimed five counts of negligence and one count of "breach [of] statutory duties owed to plaintiff under Federal HIPAA laws." (See id. ¶ 15.) Plaintiff served St. Francis Hospital on May 31, 2006. (See Doc. No. 1 Ex. A.)

Defendant Charleston Hospital avers that, after verifying with the Clerk of the Kanawha County Circuit Court that plaintiff had not yet served defendant Alderman, it removed this case to federal court on June 22, 2006. Charleston Hospital argues that removal was proper because plaintiff's complaint states a federal question, and as such, the court has subject matter jurisdiction over it pursuant to 28 U.S.C. §§ 1331 & 1367, and that removal by the "then properly served defendants" was therefore appropriate. (See Doc. No. 8-1 at 4.)

Plaintiff now alleges that, without informing the Kanawha County Circuit Court, she actually served defendant Alderman on May 31, 2006, by delivering a copy of the summons and complaint to Alderman's mother. (See Doc. No. 7 Ex. A.) Exhibit A to plaintiff's memorandum is a return on service to this effect.

(Id.)  In response, Charleston Hospital avers that service was improper because (a) it was not filed with the court pursuant to W. Va. R. Civ. P. 4(I); and (b) the return itself did not exist until after removal.

### B.  Lack of Unanimity and Removal

Plaintiff contends that, because she served defendant Alderman prior to this case being removed, Charleston Hospital could not remove this case without Alderman's consent.  (See Doc. No. 6 at 1) (discussing Courtney v. Benedetto, 627 F. Supp. 523, 525-26 (M.D. La. 1986)).  Courtney provides that all defendants must consent to a petition for removal to federal court unless (1) the non-joining defendant has not been served with process at the time the removal petition was filed; (2) the non-joining defendant is merely a nominal party; or (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441.  Id. at 526.  Plaintiff contends that, since none of these exceptions apply, Charleston Hospital's removal of this case to federal court was improper and it should be remanded to state court.

In response, Charleston Hospital alleges that plaintiff did not properly serve defendant Alderman because, under the West Virginia Rules of Civil Procedure, service to a family member is not permissible when the defendant is incarcerated.  (See Doc. No. 8 at 5.)  Charleston Hospital notes that the West Virginia

Rules of Civil Procedure applicable at the time of plaintiff's putative service of defendant require that service on a person in jail may only be made:

> by delivering a copy of the summons and complaint to that person's committee, guardian, or like fiduciary resident in the state; or, if there be no such committee, guardian, or like fiduciary, or if the committee, guardian, or like fiduciary is a plaintiff, service of process shall be made upon a guardian ad litem appointed under Rule 17(c).

In turn, Rule 17(c) of the West Virginia Rules of Civil Procedure notes that "failure to serve a guardian ad litem in circumstances where service upon a party is required constitutes failure to serve a party."

Charleston Hospital indicates that plaintiff's return illustrates that she served Alderman via substituted service pursuant to W. Va. Rule of Civil Procedure 4(d)(1)(B). This rule provides for "[s]ervice upon an individual other than . . . [a] convict." Id. Because Alderman was then a convict, plaintiff's attempt to serve her through substituted service necessarily failed. As she was not properly served, Charleston Hospital is correct in its assertion that its removal of this case to federal court was proper. As such, plaintiff's first motion to remand (Doc. No. 6) must be **DENIED**.

### C. Removal and Plaintiff's HIPAA Claim

#### 1. Summary of Arguments

Plaintiff's second motion to remand is premised on the notion that her case actually does not sound under federal law. (See Doc. No. 9 at 1.) Plaintiff notes that while violations of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Publ. L. 104-91, 110 Stat. 1936, under federal law provide for the filing of administrative complaints within 180 days of the incident, they do not provide a colorable cause of action in federal court. (Id. at 1-2.) Instead, plaintiff avers that violations under HIPAA for breach of confidentiality are cognizable under state court causes of action. (Id. at 2.)

In response, Charleston Hospital points to the actual wording of the Complaint. (See Doc. No. 12 at 2.) Count II provides that

> The Defendants have also breached their statutory duties owed to Plaintiff under Federal HIPAA laws. Plaintiff is therefore entitled to all rights and remedies set forth under the provisions of [HIPAA] as a result of the Defendant[s'] unlawful acts and omissions as set forth herein.

(Id.) (quoting Compl. ¶ 15.) Charleston Hospital notes that Count II states a federal question on its face, and as such, this case was properly removed pursuant to 28 U.S.C. §§ 1331 & 1441. (Id.) The court addresses the parties' arguments in turn.

## 2. Standard of Review

A defendant may remove a case from state court to federal court when the defendant can show by a preponderance of the evidence that the federal court has jurisdiction. Title 28 U.S.C. § 1441, known as the "removal statute," provides that a case filed in state court can be removed to federal court when it is shown by the defendant that the federal court has jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (providing that defendant has the burden of proof to show jurisdiction of the federal court). Here, Charleston Hospital's basis for removal is the federal cause of action discussed in Count II of plaintiff's complaint.

If a defendant chooses to remove an action from state court to federal district court, it must file a notice of removal containing a short and plain statement of grounds for removal within thirty days of the case becoming removable. 28 U.S.C. § 1446(a). Charleston Hospital did so here. Because removal raises federalism concerns, the court must carefully scrutinize the facts to ensure that removal is appropriate. Mulcahey, 29 F.3d at 151 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941)). Defendant bears the burden of establishing that removal is appropriate. Id.; Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932, 935 (S.D. W. Va. 1996) (Copenhaver, J.).

### 3. Analysis

**a.   Removal and Waiver of Federal Claims**

First, it appears that plaintiff attempts to waive his already-asserted federal claims in his second motion to remand and, particularly, in his motion to stay.[1]  (See, e.g., Doc. No. 14 at 2.)  For instance, in the memorandum supporting her motion to stay, plaintiff cites Bigelow v. Sherlock, 2005 WL 283359, 2005 U.S. Dist. LEXIS 1598 (E.D. La. Feb. 4, 2005), as supporting her notion that this case must be remanded to state court.  In Bigelow, after having found that the plaintiffs' complaint did not attempt to raise a separate federal HIPAA claim, the court held that the case should be remanded to state court.  See id. at *4-7.

In both her second motion to remand and her motion to stay, plaintiff appears to be attempting to waive a federal claim she already raised under the guise that no such claim exists.  Any attempt to do this must necessarily fail.  Actions by a plaintiff subsequent to removal cannot deprive a district court of jurisdiction if removal was proper when filed.  See Robinson v. Quality Ins. Co., 633 F. Supp. 572, 577 (S.D. Ala. 1986); see also McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 486 (S.D. W. Va. 2001) (quoting Sayre v. Potts, 32 F. Supp. 2d 881, 886-87

---

[1]   Plaintiff's motion to stay requests that this court stay all deadlines until it rules on plaintiff's outstanding motions to remand.  (See Doc. No. 14.)

(S.D. W. Va. 1999), for the proposition that, "[i]n addressing the propriety of federal jurisdiction in a removal action, courts base their decision on the record existing at the time the petition for removal was filed").

Although it is true that "the plaintiff is the master of his claim," see Graham v. West Virginia Department of Highways, 245 F. Supp. 2d 836, 838 (S.D. W. Va. 2003), he or she is such only until the time he files his complaint, and certainly not after defendants file a petition for removal. Scott v. Greiner, 858 F. Supp. 607, 609 (S.D. W. Va. 1994). See also Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 n.7 (1987)(citing cases, including Great North R. Co. v. Alexander, 246 U.S. 276, 282 (1918), which stand for the proposition that "[t]he Plaintiff may by the allegations of his complaint determine the status with respect to removability of a case"). The requirements under the Federal Rules of Civil Procedure for amending and dropping claims change once a defendant begins the process of responding to plaintiff's claims.[2] Plaintiff has not met the applicable, and more

---

[2] See, e.g., Fed. R. Civ. P. 15(a) (stating that, while a party may amend once at any time prior to the filing of a responsive pleading, they may not amend after that point without leave of the court or the consent of the opposing party); Fed. R. Civ. P. 41(a)(1) (allowing a plaintiff to unilaterally withdraw a claim until defendant files an answer or a motion for summary judgment, but only by stipulation of the parties after that time).

9

stringent, requirements for amending her Complaint or dropping her ostensibly federal claim.

This result is consistent with the court's decision in Bigelow. In Bigelow, the court was unconvinced that the Bigelows' petition attempted to raise a separate cause of action. See id. at *6. The relevant count in Bigelow, however, provided that defendants injured plaintiff "[i]n violating petitioner's privacy rights and as well as HIPAA regulations by intentionally displaying his medical records." Id. (quoting the complaint). This count is premised on the HIPAA standard informing the state law cause of action. The relevant cause of action here is phrased more strongly. Count II provides that

> The Defendants have also breached their statutory duties owed to Plaintiff under Federal HIPAA laws. Plaintiff is therefore entitled to all rights and remedies set forth under the provisions of [HIPAA] as a result of the Defendant[s'] unlawful acts and omissions as set forth herein.

Count II does not allow the leeway that the Bigelow court used to reach its conclusion. As such, insofar as plaintiff's second motion to remand and motion to stay are treated as attempts to waive any federal claim, they must be denied.

**b. Removal and the Text of the Complaint**

"The well-pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question appears on the face of plaintiff's properly pleaded complaint." Columbia

10

Gas Transmission Corp. v. Drain, 237 F.3d 366, 370 (4th Cir. 2001).  Here, Count II of the Complaint clearly alleges a violation of HIPAA, a federal statute.

Where rights or immunities created by the Constitution or laws of the United States are important elements of plaintiffs' cause of action, the cause of action presents a federal question.  See Gully v. First Nat'l Bank, 299 U.S. 109, 112 (1936).  The plain language of the Complaint shows that plaintiff attempted to raise a federal cause of action.

However, the court's review of HIPAA leads it to the inescapable conclusion that HIPAA does not provide a federal cause of action.  Although HIPAA provides for civil and criminal penalties to be imposed on persons who improperly handle or disclose individually identifiable health information, see Logan v. VA, 357 F. Supp. 2d 149, 155 (D.D.C. 2004), and 42 U.S.C. § 1320d, it indicates that only the Secretary of Health and Human Services or other authorized state agencies may bring forth a HIPAA enforcement action.  See 42 U.S.C. § 300gg-22; O'Donnell v. Blue Cross Blue Shield, 173 F. Supp. 2d 1176, 1180 (D. Wyo. 2001).

Courts that have examined the issue have routinely found that HIPAA does not provide an implied, federal cause of action.  See Bigelow v. Sherlock, 2005 WL 283359, 2005 U.S. Dist. LEXIS 1598 (E.D. La. Feb. 4, 2005); O'Donnell, 173 F. Supp. at 1180;

Ass'n of Am. Physicians and Surgs. v. United States HHS, 224 F. Supp. 2d 1115, 1129 (S.D. Tex. 2002); Univ. of Colo. Hosp. Auth. v. Denver Publ'g Co., 340 F. Supp. 2d 1142, 1144-45 (D. Colo. 2004); Mufioz v. Island Fin. Corp., 364 F. Supp. 2d 131, 136 (D.P.R. 2005); Johnson v. Parker Hughes Clinics, 2005 U.S. Dist. LEXIS 741, 2005 WL 102968, at *2 (D. Minn. Jan. 13, 2005); Rigaud v. Garofalo, 2005 U.S. Dist. LEXIS 7791, 2005 WL 1030196 (E.D. Pa. May 2, 2005); Gaul v. Hughes Pharmacy Servs., Inc., 2005 U.S. Dist. LEXIS 42141, 2005 WL 1491216 (N.D. Ia. June 23, 2005); Walker v. Gerald, 2006 U.S. Dist. LEXIS 43678 (E.D. La. June 8, 2006). As such, it can provide no basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331.[3]

---

[3] In its brief, Charleston Hospital argues that Count II cannot state a claim pursuant to Allen v. Smith, 179 W. Va. 360, 368 S.E.2d 924 (1988), because the factual predicate for such claim does not exist. (See Doc. No. 12 at 4 n.1.) Because plaintiff cannot state an Allen claim, Charleston Hospital contends, plaintiff stated a federal claim. (Id.) That this claim is not valid under state law does not control this court. (Id.)

To accept Charleston Hospital's argument, the court would have to allow removal based on a federal statute which explicitly disallows a private federal cause of action. 28 U.S.C. § 1331 allows for federal jurisdiction where a plaintiff's cause of action is dependent on federal law. Here, even though plaintiff attempted to bring a federal cause of action, the action is, on its face, without merit. Therefore, it cannot be used as a basis for removal under 28 U.S.C. § 1441. As such, Charleston Hospital cannot meet its burden of showing federal jurisdiction here. See Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). Assuming that Charleston Hospital is correct that plaintiff cannot state a claim under Allen regarding Count II, Charleston Hospital's remedy is to file a motion under W. Va. R. Civ. P. 12(b)(6) in state court. Plaintiff's pleading mistakes

Because the court finds that HIPAA does not provide a federal cause of action such as the one plaintiff attempted to state here, this case must be remanded to the Circuit Court of Kanawha County, West Virginia.[4]

### D. Conclusion

For the reasons outlined herein, plaintiff's first motion to remand (Doc. No. 6) is denied. Plaintiff's second motion to remand (Doc. No. 9) is granted. Plaintiffs' motion to stay (Doc. No. 13) is denied as moot.

The Clerk is directed to mail copies of this Memorandum Opinion and Order to counsel of record, and to forward the record of this case, along with a certified copy of this Memorandum Opinion and Order, to the Clerk of Court for the Circuit Court of Kanawha County, West Virginia.

It is **SO ORDERED** this 15th day of August, 2006.

ENTER:

David A. Faber
Chief Judge

---

cannot, without an actual statutory basis, create federal jurisdiction where none would otherwise exist.

[4] As this court has disposed of both of plaintiff's motions to remand, plaintiff's motion to stay pending the court's decision on these motions (Doc. No. 14) is hereby **DENIED AS MOOT**.